**TUNG CHIN CHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–5004–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; Michael P. Lindemann, Asst. Director; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Tung Ching Cheng, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA denying her motion to reopen. *In re Tung Ching Cheng*, No. A028 778 918 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Cheng's untimely motion to reopen.

As an initial matter, while Cheng correctly notes that the BIA erred when it found that she had not specified her fear of persecution in her motion, we conclude that such error was harmless, and remand would be futile considering the BIA's alternate dispositive findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

■ The BIA properly found that Cheng failed to demonstrate either material changed country conditions sufficient to excuse her untimely motion to reopen or her *prima facie* eligibility for relief. *See* 8 U.S.C. § 1229a(c)(7); *see also INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). While Zhang argues that the BIA abused its discretion in its consideration of record evidence, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Cheng further argues that the BIA abused its discretion when it found that her failure to authenticate the purported Village Committee notice diminished the weight of that document. While she correctly asserts that the agency errs when it rejects a document solely based on an individual's failure to authenticate pursuant to 8 C.F.R. § 287.6; *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005), we find no abuse of discretion here, where the BIA also found that the notice was a photocopy that bore no signature, seal, or other authenticating information, and she had failed to convincingly establish a chain of custody. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the

weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Further, Tang's argument that she was eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).